**Oumar KAKORO, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 08–0278–ag.**

United States Court of Appeals, Second Circuit.

Oct. 8, 2008.

Ronald S. Salomon, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Nairi M. Simonian, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

Oumar Kakoro, a native and citizen of Guinea, seeks review of a December 28, 2007 order of the BIA affirming the January 9, 2006 decision of Immigration Judge

("IJ") Annette S. Elstein, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Oumar Kakoro*, No. A97 849 115 (B.I.A. Dec. 28, 2007), *aff'g* No. A97 849 115 (Immig. Ct. N.Y. City Jan. 9, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

■ We find that the agency's adverse credibility finding is supported by substantial evidence.[1] The agency properly based its finding on inconsistencies between Kakoro's testimony and his own documentary evidence. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir.2005). For example, an attestation Kakoro submitted from his political party, the RPG, stated that he had fled Guinea because of problems with the Socialist Party. However, Kakoro testified that, at the time the attestation was drafted, he had not yet departed. The attestation also stated that Kakoro held a position in the party, contrary to his own testimony. Further, Kakoro submitted a warrant for his arrest that was issued on a date on which he testified he was still in prison. Because the inconsistencies identified by the IJ are material to Kakoro's claim, the agency's adverse credibility finding was supported by substantial evidence. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008).

■ Contrary to the government's argument, we have jurisdiction to review the agency's denial of Kakoro's CAT claim. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296–97 (2d Cir.2006) (holding that where the BIA addresses issues not raised by a petitioner, those issues are considered exhausted and may be reviewed by this Court). Nonetheless, we find that the agency did not err in holding that Kakoro failed to establish his eligibility for relief. Aside from his own testimony, which lacked credibility, Kakoro submitted only country conditions evidence demonstrating at most a generalized risk of torture in Guinea, which cannot alone satisfy his burden of demonstrating that he is more likely than not to be tortured if removed to that country. *See Pierre v. Gonzales*, 502 F.3d 109, 118–19 (2d Cir.2007); *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003). Therefore, the agency properly denied Kakoro's application for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this peti-

---

1. As the government argues, Kakoro made only a general challenge to the IJ's credibility determination before the BIA, failing to address any of her specific findings. The BIA noted this failure in its decision, observing that Kakoro "does not challenge the [IJ's] factual findings or address the inconsistencies and omissions discussed in her decision." In such circumstances, it is debatable at best whether Kakoro exhausted the challenge he now makes to the credibility determination. *See Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101, 116–17 (2d Cir.2006). Nonetheless, we address Kakoro's arguments herein without deciding the exhaustion issue where it is plain that the agency's adverse credibility determination is supported by substantial evidence.

tion is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).